Case: 20-1959

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**ALFRED PIRRI, JR.**,

*Plaintiff-Appellant,*

*v.*

**LORI CHEEK, CHEEK'D, INC.**,

*Defendants-Appellees.*

**CHARLIE KICKHAM, LOCKE RAPER**,

*Defendants*

Appeal from the United States District Court for the Southern District of New York in Case No. 1:19-cv-180, Judge Paul A. Engelmayer

## MOTION OF APPELLEES LORI CHEEK and CHEEK'D, INC. FOR SANCTIONS

Lawrence B. Goodwin, Esq.
**LAWRENCE B. GOODWIN, PLLC**
525 E. 86th St., Suite 5H
New York, NY 10028
Telephone: 212-988-1076
Email: lawrencegoodwinpc@gmail.com

November 10, 2020      *Counsel for Defendants-Appellees Lori Cheek and Cheek'd, Inc.*

# STATEMENT OF OPPOSITION

Pursuant to Federal Circuit Rule 27(a)(2), counsel for Appellees has discussed the motion with counsel for Appellant, and counsel for Appellant objects to the motion and has indicated that he will be filing a response.

FORM 9. Certificate of Interest                                              Form 9 (p. 1)
                                                                             July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2020-1959 |
| **Short Case Caption** | Pirri v. Cheek |
| **Filing Party/Entity** | LORI CHEEK, CHEEK'D, INC., Defendants-Appellees |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/15/2020           Signature: /s/

                           Name: Lawrence B. Goodwin

FORM 9. Certificate of Interest                                                         Form 9 (p. 2)
                                                                                          July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| ☐ None/Not Applicable | ☑ None/Not Applicable | ☑ None/Not Applicable |
| LORI CHEEK | | none |
| CHEEK'D, INC. | | none |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐     Additional pages attached

FORM 9. Certificate of Interest                                            Form 9 (p. 3)
                                                                              July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable     ☐ Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

I.   **INTRODUCTION**

Plaintiff-Appellant Alfred Pirri, Jr. ("Pirri") has appealed the district court's decision granting attorney's fees of $17,080.72. As explained in detail in Defendant-Appellees Lori Cheek and Cheek'd Inc.'s (collectively "Cheek") Opposition Brief (Dkt. 16), Pirri's appeal is wholly without merit. It is frivolous under Fed. R. App. P. 38 both as filed and as argued.

In addition, in opposing this appeal, Cheek has incurred legal expenses exceeding the district court award, thus completely negating the relief properly granted by the district court.

Accordingly, pursuant to Fed. R. App. P. 38, Cheek respectfully moves this Court to grant sanctions for attorney's fees and double costs for this appeal.[1]

II.   **ARGUMENT**

Fed. R. App. P. 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." In its Practice Notes to Rule 38, this Court specifically "Warn[s] Against Filing or Proceeding with a Frivolous Appeal or Petition," citing

---

[1] It is believed that this motion is timely. *See Gallegos v. Jicarilla Apache Nation*, 97 F. App'x 806, 814 (10th Cir. 2003) (finding sanctions motion under Rule 38 filed before decision on the merits was timely). Defendant-Appellants respectfully request the opportunity to submit an accounting of fees and costs, under oath, as required by Rule 47.7(b)(2), <u>after</u> this motion is granted.

1

*Asberry v. United States,* 692 F.2d. 1378 (Fed. Cir. 1982), which "established the policy of enforcing this rule vigorously."

This Court "recognize[s] two ways in which an appeal can be frivolous under Rule 38. First, an appeal is frivolous <u>as filed</u> when the judgment by the tribunal below was so plainly correct and the legal authority contrary to appellant's position so clear that there really is no appealable issue. . . . Second, an appeal is frivolous <u>as argued</u> when the appellant's misconduct in arguing the appeal justifies such a holding. . . . Such misconduct can include manufacturing arguments by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Walker v. Health Intern. Corp.*, 845 F. 3d 1148, 1154 (Fed. Cir. 2017) (quoting *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991), *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1579-80 (Fed. Cir. 1991) and *Romala Corp. v. United States*, 927 F.2d 1219, 1222 (Fed. Cir. 1991) (internal quotations omitted; underscoring added).

This appeal is frivolous under Fed. R. App. P. 38 <u>both</u> as filed and as argued.

### A. THIS APPEAL IS FRIVOLOUS AS FILED

This appeal is frivolous as filed because the judgment of the district court was so plainly correct, and the legal authority contrary to appellant's position so clear, that there is no appealable issue.

2

This Court reviews an award of attorney fees and costs under the highly deferential abuse of discretion standard. *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (Fed. Cir. 1995), and applies the law of the regional circuit in reviewing awards of attorneys' fees. *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011). Layered on top of this highly deferential standard, in the Second Circuit, "[A]buse of discretion — already one of the most deferential standards of review — <u>takes on special significance when reviewing fee decisions</u> because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record." *McDaniel v. County of Schenectady,* 595 F. 3d 411, 416 (2d Cir. 2010) (quoting *Goldberger v. Integrated Res., Inc*., 209 F.3d 43, 47-48 (2d Cir.2000) and *In re Bolar Pharm. Co. Sec. Litig*., 966 F.2d 731, 732 (2d Cir.1992) (*per curiam*)) (internal quotations omitted; underscoring added).

Given this standard, and the facts briefly stated below, the district court's grant of attorney's fees is unassailable. And certainly, Pirri, in his Principal and Reply briefs, gives no reason why the decision should be overturned.

The Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014) held that an exceptional case warranting attorneys' fees is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the

3

case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. The Court may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." 134 S.Ct. at 1758, n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The Court rejected the requirement that a party show both subjective bad faith and objective baselessness. 134 S.Ct. at 1758. Further, entitlement to fees under §285 need only be shown by a preponderance of the evidence (as opposed to the prior clear and convincing evidence standard). *See id*. ("Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one.")

It is understatement to say that this case was exceptional. The court left no doubt that this case was clearly one that stood out from all others, <u>in its "more than eight-and-one-half years on the bench</u>" (Appx22; underscoring added), which goes well beyond what is required by *Octane Fitness*. It correctly noted that "Pirri's opposition to defendants' motion is all but devoid of legal argument." (Appx19; underscoring added). "Pirri does <u>not cite to any admissible evidence</u> to contradict his prior admission that no reasonable juror could find that he was entitled to relief on that claim." (Appx021; citations omitted; underscoring added.) . . . "Pirri's

4

filings stand apart from those of other failed civil plaintiffs for the <u>sheer lack of colorable factual (or legal) support; for their tendentious, bizarre, non-responsive and caustically accusatory arguments; and for their disregard for, and selective presentation of, evidence</u>." (Appx022; underscoring added.) "[T]he arguments advanced by Pirri were often <u>objectively unreasonable</u>. They were <u>neither grounded in a rational understanding of the facts as supported by admissible evidence, nor a good faith reading of the law</u>." (*Id*.; underscoring added.) The court cited numerous examples of Pirri's irrelevant, offensive proffers and contentions (during the three-month period) that the court properly noted were "<u>utterly irrelevant</u> to this patent joint-inventorship litigation . . . ." (*Id*.; underscoring added). They included accusations that Cheek and her counsel (the undersigned), tried to destroy Pirri's life (Appx165), targeted his homosexuality and mental health (Appx166), falsified and omitted evidence (Appx166, Appx171), violated "several criminal statutes" (Appx167-168), slapped the face of the Court (Appx169), committed fraud (Appx170, Appx171), and characterized Cheek as "a woman caught in a lie" (Appx194). These and other instances are discussed in Cheek's Opposition Brief (Dkt. 16) ("Cheek O.B.") at pages 5 – 10 and 15 – 16, but not further repeated here.

Given the high level of discretion accorded to the district court, its "intimate familiarity with the parties and the course of this litigation," (Appx24), the <u>clear basis for awarding fees described in detail by the district court – including the</u>

5

court's remarkable statement that this case was one that stood out in its "more than eight-and-one-half years on the bench" (Appx22) – and the additional level of discretion afforded by the Second Circuit for fee decisions under *McDaniel,* 595 F. 3d at 416, <u>it was utterly irresponsible to believe that there was an appealable issue</u>. And of course, Pirri certainly has not raised one in his principal or reply briefs.

### B. THIS APPEAL IS FRIVOLOUS AS ARGUED

In addition to the above, this appeal is frivolous as <u>argued</u>, because, *inter alia*, Pirri "manufactur[ed] arguments by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Walker*, 845 F.3d at 1154.

In his Principal Brief ("P.B.") and his Reply Brief (Dkt 21-1) ("R.B."), Pirri completely fails to address the issue of whether fees were justifiably warranted for the period from October to December 2019, during which time Pirri knew he could not establish inventorship under 35 U.S.C. 256, but continued to litigate, asserting in his state court claim for defamation the same allegations regarding inventorship he admitted he could not establish. Instead, Pirri, in this appeal, continues his thoroughly irrelevant rant against Cheek, *inter alia*, repeating his allegations of inventorship (P.B. at 2) (which he admitted he could not prove), asserting that Cheek had "committed numerous intentional torts" (P.B. at 3), seriously mischaracterizing cases at P.B. pages 6-7 (*see* Cheek O.B. at 18-19), arguing

6

nonsensically that the district court dismissed the state court defamation case under Fed. R. Civ. P. 12(b)(6) and 56 (P.B. at 10-13) (*see* Cheek O.B. at 19-22), asserting bizarre contentions regarding collateral and judicial estoppels (P.B. at 13-16) (*see* Cheek O.B. at 22-23), and asserting at P.B. 20 (section heading), that "Ms. Cheek Admitted Defaming Mr. Pirri to Congressman Nadler", (and even doubling down on this contention in his reply brief (R.B. at 12-14), knowing these representations to be false.[2] (*See* Cheek O.B. at 24-27.)

It is clear that Pirri "manufactur[ed] arguments by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Walker*, 845 F.3d at 1154. As such this appeal is frivolous as argued.

\* \* \* \*

As the foregoing demonstrates, beyond question, this appeal is frivolous under Fed. R. App. P. 38, <u>both</u> as filed and as argued.

**C. FEES SHOULD BE GRANTED FOR THE APPEAL TO PRESERVE THE DISTRICT COURT'S AWARD.**

---

[2] Still further, in trying to overcome the clear waiver of the discovery of the Nadler letter, Pirri incorrectly asserts in his reply (R.B. at 16) that he "did raise" the production of that letter in district court, referring to Appx233 – his January 6, 2020 opposition to the attorney's fees motion, which he submitted <u>after the district court case was closed</u> on December 23, 2019. (*See* Docket Sheet (Appx39).

Finally, and in addition to the above reasons for granting sanctions, Cheek respectfully requests that this Court grant sanctions to preserve the district court's award.

Cheek requested, and the district court granted, attorney's fees of $17,080.72, for litigation during the three-month period in which Pirri knew he could not claim inventorship. As the district court noted,

> Pirri's repeated submission of arguments unmoored from law or facts was not harmless. It wasted the time of this Court, which was called upon to referee and adjudicate the resulting disputes. And it wasted the time and money of Cheek, whose counsel was obliged to oppose filing after filing, or risk potentially adverse consequences for failing to do so. Cheek is properly entitled to be made whole for the attorneys' fees spent on such oppositions. [Appx24]

Similarly, Pirri has wasted the time of <u>this</u> Court, and <u>Cheek has incurred legal expenses in this appeal exceeding the district court award</u>, thus completely negating the relief properly granted by the district court.

Compensation to Ms. Cheek is important given that she is not well off financially, Pirri's cases have strained her financially and emotionally (Appx221, ¶ 3) and have effectively destroyed her business. (Appx285, ¶ 9).

Accordingly, Cheek respectfully requests that this Court grant sanctions for attorney's fees and double costs, for this appeal.

8

Respectfully submitted,

/s/ Lawrence B. Goodwin
Lawrence B. Goodwin
Counsel for Defendants-Appellees Lori
    Cheek and Cheek'd Inc.
Law Offices of Lawrence B. Goodwin, PLLC
525 E. 86th Street
Suite 5H
New York, NY  10028
212-988-1076
LawrenceGoodwinPC@Gmail.com

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of November, 2020, I caused this Motion of Appellees Lori Cheek and Cheek'd, Inc. for Sanctions to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Steven R. Fairchild, AT
FAIRCHILD LAW, LLC
292 Powers Street, 1B
Brooklyn, New York 11211
(703) 994-0193
steve@fairchildlegal.com

*Counsel for Plaintiff – Appellant*

/s/ Lawrence B. Goodwin
*Counsel for Defendants – Appellees*