Case: 20-1959

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**ALFRED PIRRI, JR.**,

*Plaintiff-Appellant,*

*v.*

**LORI CHEEK, CHEEK'D, INC.**,

*Defendants-Appellees.*

**CHARLIE KICKHAM, LOCKE RAPER**,

*Defendants*

Appeal from the United States District Court for the Southern District of New York in Case No. 1:19-cv-180, Judge Paul A. Engelmayer

**REPLY OF APPELLEES LORI CHEEK and CHEEK'D, INC.
IN SUPPORT OF THEIR MOTION FOR SANCTIONS**

Lawrence B. Goodwin, Esq.
**LAWRENCE B. GOODWIN, PLLC**
525 E. 86th St., Suite 5H
New York, NY 10028
Telephone: 212-988-1076
Email: lawrencegoodwinpc@gmail.com

November 27, 2020      *Counsel for Defendants-Appellees Lori Cheek and Cheek'd, Inc.*

## I. INTRODUCTION

In his opposition to Cheek's motion for sanctions (Dkt. 30-1) ("Sanctions Op.), Pirri, among other things, (i) frivolously claims to have raised several "legitimate issues" on appeal that, in fact, are <u>not</u> on appeal, (ii) has frivolously requested – without making a motion – that Cheek and her counsel be sanctioned under <u>district court</u> rules, and (iii) has frivolously accused Cheek's counsel (the undersigned) of lying and cheating.

Cheek will respond to each of these matters, including Pirri's offensive, personal attack, below, but suffice to say that Pirri's opposition brief is further evidence that this appeal is frivolous under Fed. R. App. P. 38 as argued (as well as frivolous as filed, as discussed in Cheek's opening brief (Dkt. 26)). Cheek's motion for attorney's fees and double costs for this appeal should be granted.

Cheek will address Pirri's arguments in the order in which they appear in his opposition brief.

## II. ARGUMENT

### A. CHEEK'S RULE 11 MOTION IN DISTRICT COURT

At Sanctions Op. 2, Pirri raises the fact that Cheek sought, but was denied Rule 11 sanctions in district court for asserting state law claims that were – on their face – barred by the applicable statutes of limitations. This is referenced in the

district court opinion granting attorney's fees, at Appx3. This has no relevance to the present motion under Fed. R. App. P. 38, except to recognize the district court's general reluctance to sanction counsel, which speaks to the compelling set of facts upon which the district court ultimately did grant fees under 35 U.S.C. § 285.

### B. CHEEK'S ALTERNATIVE REQUEST FOR SANCTIONS UNDER 28 U.S.C. § 1927

At Sanctions Op. 3, Pirri characterizes Cheek's alternative request for sanctions as frivolous. This characterization itself is frivolous. As the district court noted:

> Because the Court grants fees under § 285, it need not consider whether fees would also be justified under 28 U.S.C.§ 1927 or its own inherent powers. The Court does note, however, that the record here would substantially support finding that a number of Pirri's claims both "lack[ed] any legal or factual basis," and were frivolous to the point that the Court could fairly infer bad faith. [Appx24]

### C. THE NADLER LETTER

Pirri devotes a good part of his brief bitterly complaining about the Nadler letter and accusing counsel of lying and cheating. Sanctions Op. at 3-6. Before getting into specifics, it is again noted that Pirri's gross mischaracterization of Nadler letter is only <u>one of many examples</u> of litigation abuses noted by the district court as making this case stand out from others and justifying attorney's fees. *See* Appx7-14 and Appx21-25.

Pirri accuses Cheek of cheating to obtain the district court decision granting fees under 35 U.S.C. § 285, and of lying to this Court regarding the Nadler letter. These allegations are false and offensive. To be clear, and as set forth in detail in Cheek's Opposition Brief (Dkt. 16), at pages 24-27, Pirri filed a motion to amend his complaint to assert a claim for defamation in July 2019 and then sought discovery of documents, including the Nadler letter, which were allegedly relevant to defamation, and only defamation. Before the response to the document requests was due, the district court denied the motion to amend the complaint to include the defamation claim, and thus defamation was not part of the district court case. Accordingly, Cheek appropriately objected to producing the Nadler letter, or any other documents allegedly relating to defamation, as irrelevant to the issue of inventorship – the sole claim being litigated in district court. The propriety of Cheek's objection to the production of the letter cannot be disputed and is confirmed by Pirri's decision not to move the court to compel its production.

In his opposition to Cheek's motion under § 285, Pirri decided to characterize, falsely, and in great detail, the contents of the Nadler letter, without ever having seen it. *See* ECF[1] 98, pages 4-6, 12, and Appx4, Appx6, Appx20, Appx23; *compare* Appx287. He did it of his own volition, at his own risk, and thus

---

[1] "ECF" is used herein to designate docket entries (Appx29-41) in the district court.

he bore the consequences of his irresponsible act. But now, Pirri complains that Cheek should not have been able to show the court what the Nadler letter really said. <u>What was Cheek supposed to do, in the face of these gross mischaracterizations</u>? They needed to be rebutted, and they were.

If Pirri was prejudiced by this sequence of events, it was his own fault. He was a victim of his own irresponsibility. Cheek and her counsel did not lie or cheat in setting the record straight.

Pirri ends his argument regarding the letter by implying, without citing any authority, that Cheek had an obligation to tell the court that Pirri sought the document in discovery. Sanctions Op. at 5-6. Of course, there was no such obligation, but by the same logic, Pirri had an obligation to tell the court he had never seen the letter (which he falsely characterized). But more to the point, Pirri had an obligation to the court to not characterize – falsely and in detail – a letter he had never seen.[2]

---

[2] At Sanctions Op. 9, Pirri cites *Pace v. Air & Liquid Systems Corp.*, 171 F. Supp. 3d 254 (S.D.N.Y. 2016) for the proposition that Cheek should not be entitled to bring the actual letter to the court's attention. Pirri did not move the district court to compel the production of the Nadler letter, so Fed. R. Civ. P. 26 and 37 are not relevant to the issue before this Court, but even they were, there would be no reason to exclude evidence. "In determining whether to exclude evidence under this standard, a district court considers a nonexclusive list of four factors: (i) <u>the party's explanation for its failure to disclose</u> . . ." *Pace*, 171 F. Supp. 3d at 265 (underscoring added; quotation omitted). Here the explanation for not disclosing the letter, which was entirely irrelevant to the § 256 inventorship action, was absolutely clear, as described above.

### D. "OTHER LEGITIMATE ISSUES RASIED ON THIS APPEAL"

At Sanctions Op. 6-8, Pirri inexplicably asserts the following to be "legitimate issues" <u>raised on this appeal</u>:

   a. negligent infliction of emotional distress (Sanctions Op. at 6);

   b. defamation (*id.*);

   c. intentional infliction of emotional distress (Sanctions Op. at 6-7);

   d. whether the district court "erred by not allowing discovery in what Ms. Cheek intentionally had done." (Sanctions Op. at 8)

None of these issues are on appeal, and all of these contentions are frivolous. The issue on appeal is whether the district court abused its discretion in granting fees under § 285 (*see, e.g.,* Pirri's Principal Br. (Dkt. 20) at 1-2 ("The central issue is whether the Lower Court correctly applied 35 U.S.C. § 285 and Second Circuit law.")), and now, whether Pirri's appeal is frivolous.

### E. "OUT-OF-COURT" ACTIONS

At Sanctions Op. 7, Pirri takes issue with Cheek's Opposition Brief (Dkt. 16), pages 23-24, regarding "out-of-court" torts allegedly committed by Cheek. They are indeed irrelevant, as noted by Cheek (*id.*), but the critical point is that <u>Pirri presented all of these allegations to the district court</u>, which, in its considerable discretion, decided that this case was one that "in the Court's more than eight-and-one-half years on the bench . . . [stood] apart from those of other failed civil plaintiffs for the sheer lack of colorable factual (or legal) support; for their

5

tendentious, bizarre, non-responsive and caustically accusatory arguments; and for their disregard for, and selective presentation of, evidence." Appx22.

This was far from an abuse of discretion.

F.  NOTICE TO PIRRI'S COUNSEL

At Sanctions Op. 8, Pirri's counsel again asserts that he was personally sanctioned without notice. This is frivolous for the reasons set forth in Cheek's opposition brief (Dkt. 16) at 27-28.

G.  PIRRI'S "REQUEST" FOR SANCTIONS AGAINST CHEEK

Finally, at Sanctions Op. 8-10, Pirri asserts that "[t]his Court should instead sanction both Ms. Cheek and/ or Counselor Goodwin with the entire costs of this appeal, including reasonable attorney's fees." Again, this is remarkably frivolous, indeed, for many reasons.

First, and obviously, Cheek as done nothing in this appeal that would remotely call for sanctions. Second, Pirri never sought sanctions from Cheek in district court (nor could he) for anything Cheek had done, and thus this is not an appealable issue for Pirri. Third, Pirri has not brought a motion in this Court for sanctions, nor to Cheek's knowledge, is there an appellate or Federal Circuit rule that would provide sanctions to an allegedly aggrieved <u>appellant</u>, since Fed. R. App. P. 38 only provides sanctions to an appellee. Fourth, Pirri's baffling request for

sanctions is inexplicably based on Fed. R. Civ. P. 11 and 37, which, of course, are rules of district courts, not this Court. *See* Fed. R. Civ. P. 1.

### H. PIRRI'S OPPOSITION IS FURTHER EVIDENCE THAT THIS APPEAL IS FRIVOLOUS

Pirri's sanctions opposition is further evidence that this appeal is frivolous as argued under Fed. R. App. P. 38. As noted in Cheek's opening brief on its sanctions motion (Dkt. 26), page 2, "an appeal is frivolous as argued when the appellant's misconduct in arguing the appeal justifies such a holding. . . . Such misconduct can include manufacturing arguments by distorting the record, by disregarding or mischaracterizing the clear authority against its position, and by attempting to draw illogical deductions from the facts and the law." *Walker v. Health Intern. Corp.*, 845 F. 3d 1148, 1154 (Fed. Cir. 2017) (quotations omitted).

All of these considerations apply to Pirri's sanctions opposition. And this is <u>in addition to</u> the compelling reasons why the appeal is frivolous, both as filed and argued, as discussed in Cheek's opening brief.

### III. <u>CONCLUSION</u>

Cheek has now been defending against Pirri's frivolous, sanctionable litigation conduct since September 2017 (Appx054-55) (prior case: 1:17-cv-07089-PAE), and in the present case since January 2019 (Appx93-113). It received partial relief – attorney's fees for a three-month period – from the district court. The cost of the present appeal has exceeded the award granted by the district court. Cheek

7

respectfully requests that attorney's fees and double costs be awarded to preserve the district court award, and to compensate Cheek for expenses incurred in this frivolous appeal.

Respectfully submitted,

/s/ Lawrence B. Goodwin
Lawrence B. Goodwin
Counsel for Defendants-Appellees Lori
    Cheek and Cheek'd Inc.
Law Offices of Lawrence B. Goodwin, PLLC
525 E. 86th Street
Suite 5H
New York, NY 10028
212-988-1076
LawrenceGoodwinPC@Gmail.com

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 27th day of November, 2020, I caused this REPLY OF APPELLEES LORI CHEEK and CHEEK'D, INC. IN SUPPORT OF THEIR MOTION FOR SANCTIONS to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Steven R. Fairchild, AT
> FAIRCHILD LAW, LLC
> 292 Powers Street, 1B
> Brooklyn, New York 11211
> (703) 994-0193
> steve@fairchildlegal.com
>
> *Counsel for Plaintiff – Appellant*

                                          /s/ Lawrence B. Goodwin
                                          *Counsel for Defendants – Appellees*