# No. 20-1959

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

Alfred Pirri, Jr.

*Plaintiff - Appellant,*

-against-

Lori Cheek, Cheek'd, Inc.

*Defendants - Appellees,*

Locke Raper, Charlie Kickham

*Defendants*

*On Appeal from an Order of the*
*United States District Court for the Southern District of New York*

**(CORRECTED) REPLY BRIEF OF APPELLANT**

Steven R. Fairchild
FAIRCHILD LAW, LLC
292 Powers Street, 1B
Brooklyn, NY 11211
(703) 994-0193

# TABLE OF CONTENTS

**HEADING**                                                                    **Page**

PRELIMINARY STATEMENT……………………………………………1

ARGUMENT……………………………………………………….………2

I.      MS. CHEEK'S OUT-OF-COURT CONDUCT IS RELEVANT…..……...3

II.     MR. PIRRI SOUGHT TO WITHDRAW WITH PREJUDICE……………3

III.    MR. PIRRI REPORTED TO HIS COUNSEL THAT
        HE FEARED FOR HIS LIFE……………………………………..…………6

IV.     THE STATE CASE IS NOT PROPERLY BEFORE THIS COURT……..7

V.      APPELLEE'S BRIEF FAILS TO EXPLAIN THE
        ADMISSIBILITY OF THE NADLER LETTER TO SUPPORT
        ITS MOTION………………………………………………………….………8

        A.      Ms. Cheek Concedes that the Nadler Letter Was
                Within the Scope of a Document Request and Withheld…………..9

        B.      Appellee's Brief Fails to Even Attempt to Justify Its
                Admissibility……………………………………………………………9

        C.      Withholding the Nadler Letter From Production Was
                Highly Prejudicial to M. Pirri………………………………….……11

        D.      Ms. Cheek Admitted that the Nadler Letter Was Defamatory..…...12

        E.      Mr. Pirri Never Waived this Argument…………………..………..15

VI.     CONCLUSION AND RELIEF SOUGHT………………………..…..…19

# TABLE OF AUTHORITIES

**Case**                                                                              **Page**

*523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600 (S.D.N.Y. 2014)……………10

*Agence France Press v. Morel*, 293 F.R.D. 682 (S.D.N.Y. 2013)………………10

*Blue Cross & Blue Shield of N.C. v. Jemsek Clinic, P.A.*

    *(In re Jemsek Clinic, P.A.) 2015 Bankr. LEXIS 380*

    *(Bankr. W.D.N.C. 2015)*…………………………………………………….…7

*CSC Holdings, Inv. b. Berube, No. 01 Civ. 1650 (DRH),*

    2004 U.S. Dist. LEXIS 28399 (E.D.N.Y. 2004)…………………………….…8

*Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215 (2d Cir. 2006)……………….…14

*Ebewo v. Martinez*, 398 F. Supp. 2d 600 (S.D.N.Y. 2004)…………………..10, 11

*Edwards v. Vemma Nutrition*, 2019 U.S. Dist. LEXIS 189949 (D.Az. 2019)…..3

*GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318 (9th Cir. 1995)………..7

*Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84 (2d Cir. 2008)………..…….8

*Highmark Inc. v. Allcare Health Mgmt Systems*, 572 U.S. 559 (S.Ct. 2014)…..3

*In re Ames Dept. Stores, Inc.*, 76 F.3d 66 (2d Cir. 1996)……………..……….16-17

*In re Case*, 937 F.2d 1014, 1024 (5th Cir. 1991)………………………………..7

*In re Petrobras Secs. Litig.*, 784 Fed. Appx. 10 (2d Cir. 2019)…………..14, 15-16

*Joshi v. Walmart, Inc*., 2016 U.S. Dist. LEXIS 198008 (E.D. 2016)………..11-12

*Pal v. N.Y. Univ.,* 2008 U.S. Dist. LEXIS 50902 (S.D.N.Y. 2008)……………….8

*Paterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006)……………..…………….9

*Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997)……….…………..1, 17

*Trulis v. Barton*, 107 F.3d. 685 (9th Cir. 1995)……………..………………..7

*United States v. Braunig*, 553 F.2d 777, 780 (2d. Cir. 1997)…..………………14

*Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992).……………………15-16

**Statutes**                                                          **Page**

28 U.S.C. § 1927………………………………………………………….17

35 U.S.C. § 285………………………………………………………..1-3


**Federal Rules of Civil Procedure**                                   **Page**


Rule 11…………………………………………………………………..17

Rule 26……………………………………………………………..…8

Rule 37………………………………………………………………1, 8-10

Appellant Alfred Pirri, Jr. respectfully submits this Reply Brief in response to the Appellee's Brief submitted by Ms. Lori Cheek and Cheekd, Inc. This brief is in further support of Appellant's (Corrected) Opening Brief ("Appellant's Brief").

## PRELIMINARY STATEMENT

Nothing in the Appellee's Brief justifies the Lower Court's ruling.

The Lower Court misapplied the Federal Rules of Civil Procedure. Under Rule 37, Ms. Cheek cannot rely on evidence for a motion when she withheld the same evidence during discovery. Mr. Pirri requested the letter that she had sent to Congress Jerold Nadler ("Nadler Letter"). She withheld it and then used it in her Reply Brief for attorney fees under 35 U.S.C. § 285 ("Cheek Rep. Br." or "Cheek Reply Brief"). This was classic gamesmanship.

The Lower Court violated Second Circuit case law on sanctions against attorneys. Attorneys must have notice and an opportunity to be heard regarding the precise conduct in question. *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997). This never happened. Further, the Lower Court heavily relied on the Nadler Letter in its opinion for sanctions - a document that neither Mr Pirri nor his Counsel had ever seen ever before despite attempts to obtain it during discovery.

The Lower Court misapplied judicial estoppel. It first held that the tort claims needed their own discovery and a full lawsuit. Yet, it radically changed course and dismissed them all without allowing for any discovery.

The Lower Court misapplied the law of defamation. The elements of defamation were satisfied based on Ms Cheek's public statements in the press and admissions that she made on social media.

The Lower Court erred by sanctioning Mr. Pirri's counsel for asserting a legitimate argument for which there is **no legal precedent anywhere in the United States**. Cyberbullying is a new phenomenon and the law struggles to keep pace. It was a matter of time before it occurred during litigation. Whether or not this violates a party's duty to the court has not been addressed anywhere in the United States. Even more astounding, the Cheek Reply Brief **never challenged this tort**.

The Lower Court misapplied the law on collateral estoppel. Ms. Cheek previously convinced the Lower Court that her out of court behavior needed its own separate lawsuit. A few months later, she happily litigated the state claims in the abbreviated briefing of a motion under 35 USC § 285. Since there had been no discovery, this prejudiced Mr. Pirri because Ms. Cheek controlled the evidence.

## ARGUMENT

Appellant's Brief vastly distorts the law and the record. The following addresses them.

## I.   <u>MS. CHEEK'S OUT-OF-COURT CONDUCT IS RELEVANT</u>

The Appellee's Brief makes a conclusory allegation that Ms. Cheek's out-of-court conduct is not relevant to the analysis. See, heading "4. Pirri's 'Tort Claims' are Irrelevant.'" At 23. It cites no law to support this statement.

The litigation conduct of both parties is relevant for an analysis under 35 USC § 285. *Highmark Inc. v. Allcare Health Mgmt Systems*, 572 U.S. 559, 563 (S.Ct. 2014) (stating that the district court may consider "the unreasonable manner in which the case was litigated." Appellant's Brief (at 7-8) cited eleven cases in its argument that the court considers out-of-court conduct by the litigants.

They will not be repeated in full here, but one case in particular is instructive for this Court. In *Edwards v. Vemma Nutrition*, the district court considered out-of-court harassment by a litigant and determined that it weighed against attorney fees. 2019 U.S. Dist. LEXIS 189949, * 22 (D.Az. 2019).

Otherwise, the case law is scant because litigants generally know that out-of-court retaliation is inappropriate.


## II.   <u>MR. PIRRI SOUGHT TO WITHDRAW WITH PREJUDICE</u>

The Appellee's Brief states that "by the end of September 2019, Pirri should have conceded" defeat of the patent case. At 5.

This is a vast distortion of the record. Mr. Pirri **did concede defeat** in October before the close of discovery. He attempted to **withdraw with prejudice** on October 30, 2020. (Appx164-172). In fact, all depositions were cancelled and Mr. Pirri took no further after the receipt of the documents from Pederson-Kreg.

Ms. Cheek opposed Mr. Pirri's attempt to concede defeat in the patent case and so it continued another two months. Incredibly, it is this same window of time for which Ms. Cheek sought attorney fees when she protracted it after Mr. Pirri had already offered her a win.

Appellee's Brief shifts the position and argues something entirely different than Ms. Cheek's position before the Lower Court. At oral conference on December 16, 2019, Counsel for Mr. Pirri reminded the Lower Court that the previous motion to withdraw was with prejudice.

| | |
|---|---|
| Mr. Fairchild: | Your Honor, we did try to withdraw with prejudice. That was there. |
| The Court: | Are you continuing to seek to withdraw the claim with prejudice? |
| Mr. Fairchild: | We would like for this patent case to end. If that were the case, yes. We could withdraw with prejudice. |

APPX198 at 6-12

The Court asked for Ms. Cheek's Counsel to explain his client's view on the matter. The following interchange occurred.

| Mr. Goodwin: | Your Honor, we did not want to have the case withdrawn, even with prejudice, because it prejudices the defendant in this case. |
| --- | --- |
| The Court: | I'm sorry. I thought your concern was that the plaintiff could come back and bring this claim in some other court. |
| Mr. Goodwin: | Yes, exactly. |
| The Court: | If it is with prejudice he cannot. |
| Mr. Goodwin: | Not this claim. There is a pending defamation case. |

Ms. Cheek opposed the withdraw because of the "pending defamation case." Incredibly, it is this same defamation case that she opposed consolidating into the patent case. She opposed the amended complaint for the newly arising state claims, which forced Mr. Pirri to pursue the matter in state court. Mr. Pirri did do so. Then Ms. Cheek used that state court case to justify protracting the patent litigation.

Now, she complains that Mr. Pirri should have conceded defeat of the patent case, when he did so. Then, she uses that as a basis to complain that Mr. Pirri needlessly dragged out the litigation. Ms. Cheek wants it both ways, but overlooks her own efforts to extend resolving the patent case.

### III. MR. PIRRI REPORTED TO HIS COUNSEL THAT HE FEARED FOR HIS LIFE

The Lower Court sanctioned Mr. Pirri's counsel, in part, for making a "frivolous" argument that Mr. Pirri feared for his life. Mr. Pirri stated that this was the reason that he wanted to concede defeat of the patent case and file a motion to withdraw with prejudice. The Lower Court sanctioned Mr. Pirri's Counsel, in part, for stating in filed documents that this was true.

Mr. Pirri indeed reported this to his Counsel. Mr. Pirri believed that Ms. Cheek's social media campaign had the effect of turning the public against him. Given his history of being physically bullied for his homosexuality - including breaking his leg - Ms. Cheek's desire to "OUT" him caused him severe emotional distress.

In fact, Mr. Pirri submitted an affidavit **under oath** that all these were true. This document was submitted to the Lower Court as part of the Opposition Brief.

Mr. Pirri even filed a police report about an incident in which he believed he was followed between several grocery stores in Long Island. This document was also submitted to the Lower Court.

Perhaps it might help the Court to consider that Mr. Pirri believed, reasonably so, that Ms. Cheek defamed him to Congressman Nadler. Assuming that it happened, it confirms Ms. Cheek's nefarious intent to hit "below the belt" and actually inflict harm on Mr. Pirri outside of the courtroom.

Counsel's representation to the Lower Court were based on statements reported by Mr. Pirri. They were not lies. A short appearance by Mr. Pirri to the court could have immediately clarified that his Counsel was not lying, nor attempting to make a frivolous argument. This never happened. Yet, the Lower Court considered all this as frivolous nonsense and used it to justify a sanction award against Mr. Pirri's counsel. This occurred without notice or any opportunity to explain, and hence violated, Second Circuit law. "Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." *In re Ames Dept. Stores, Inc.*, 76 F.3d 66, 70 (2d Cir. 1996).

## IV.  THE STATE CASE IS NOT PROPERLY BEFORE THIS COURT

Appellee's Brief makes repeated reference to the state case complaint. That case is beyond the jurisdiction of this Court.

A "suit filed in state court is an entirely separate action, nor subject to the sanctioning power of the district court." *GRiD Sys. Corp. v. John Fluke Mfg. Co.*, 41 F.3d 1318, 1319 (9th Cir. 1995). *See, also, Blue Cross & Blue Shield of N.C. v. Jemsek Clinic, P.A. (In re Jemsek Clinic, P.A.)*, 2015 Bankr. LEXIS 380, *23 (Bankr. W.D.N.C. 2015) ("We do not consider the merits of [the defendants' sanctions request] because the district court did not have power to sanction conduct that occurred in a different court in a different case.") (quoting, *Trulis v. Barton*, 107 F.3d. 685, 694 (9th Cir. 1995)). Co-pending related lawsuits in other courts are

beyond its jurisdiction. *In re Case*, 937 F.2d 1014, 1024 (5th Cir. 1991) "Although the substantive issue in the state court proceeding is the same, the conduct of the parties in that suit is unconnected to the present action."

Upon information and belief, the Second Circuit has not addressed this precise issue. However, the consensus from Sister Circuits is that copending state cases are beyond the jurisdiction of federal courts. Accordingly, this Court should restrict its analysis to the case before the district court.

Notwithstanding that, Ms. Cheek's out-of-court activity should be considered by this Court because they were in retaliation for the patent case.

## V.     APPELLEE'S BRIEF FAILS TO EXPLAIN THE ADMISSIBILITY OF THE NADLER LETTER TO SUPPORT ITS MOTION

As discussed at length in Appellant's Brief, Ms. Cheek sandbagged Mr. Pirri with the Nadler Letter in the Cheek Reply Brief. However, this document was requested during discovery and withheld. This would have rendered it inadmissible. Fed. R. Civ. P. 37. This prejudiced Mr. Pirri because the Lower Court heavily relied upon on in its sanctioning opinion.

This was an egregious error.

The Second Circuit describes the purpose of Rule 37 "is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Del. &*

*Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008). Rule 37 is designed to avoid "gamesmanship" and "provide a strong inducement for disclosure" of Rule 26 material. *Pal v. N.Y. Univ.,* 2008 U.S. Dist. LEXIS 50902, *8 (S.D.N.Y. 2008) (quoting *CSC Holdings, Inv. b. Berube, No. 01 Civ. 1650 (DRH),* 2004 U.S. Dist. LEXIS 28399, at *3 (E.D.N.Y. 2004)).

**A.    Ms. Cheek concedes that the Nadler Letter was within the scope of a <u>document request and withheld</u>**

The Appellee's Brief states that Pirri "requested the Nadler letter and other documents relevant only to defamation (subparts 5(d) – 5(t)) in his document request of August 12, 2019." At 25. It then states that "Cheek answered Pirri's document request subparts 5(d) – 5(t), which were relevant to defamation only, by objecting to them 'as irrelevant to plaintiff's claim, unduly burdensome. and not proportional to the needs of the case.'" At 25-26.

Taken together, these statements are admissions that the Nadler Letter was within the scope of a document request and withheld.

**B.    <u>Appellee's Brief Fails to Even Attempt to Justify Its Admissibility</u>**

As noted, the Nadler Letter was inadmissible under Fed. R. Civ. 37. Appellee's Brief fails to *even attempt* explain its admissibility.

The Second Circuit does not apply an outright bar of undisclosed evidence under Rule 37. Instead, it applies four factors: (1) the party's explanation for failing to produce the evidence; (2) the importance of the evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. *Paterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

This analysis was thoroughly conducted in Appellant's Brief at  24-29.

Appellee's Brief fails to apply the relevant law. Instead, it states that Mr. Pirri "never moved the district court to compel Cheek to produce the Nadler Letter". At 26. It then cites laws about waiver (addressed below), but no law to justify its admissibility.

Moreover, Ms. Cheek carries the burden its admissibility and fails to do so here. "'The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless.'" *523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 634 (S.D.N.Y. 2014) (citing *Agence France Press v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013). Accordingly, this Court should construe that the Nadler Letter was indeed inadmissible and improperly considered by the Lower Court.

## C. Withholding the Nadler Letter from Production was Highly Prejudicial to Mr. Pirri

Appellee's Brief attempts to downplay the role of the Nadler Letter. It states that it was used to rebut allegations made in the Opposition Brief.

Ms. Cheek cites no legal support that this made the Nadler Letter admissible. She cannot because it is not the proper legal standard for admissibility of a document withheld during discovery. This would make the document relevant, but admissibility is an entirely different analysis.

Ms. Cheek's sandbagging of this evidence is gamesmanship and precisely what the Federal Rules seek to avoid. See, e.g., *Ebewo v. Martinez*, 398 F. Supp. 2d 600, 606 (S.D.N.Y. 2004) (A delay in disclosure "prejudiced the defendant, because the defendant made his motion based on what he believed was the strength of the plaintiff's case at the close of discovery. This is the type of 'sandbagging' of adversaries that Rule 37(c)(1) was designed to prevent"); see also, *Joshi v. Walmart, Inc*., 2016 U.S. Dist. LEXIS 198008, *7 (E.D. 2016) ("Further undermining the letter and spirit of the discovery rules, and brushing off the discovery compliance failure, plaintiffs then sought to sandbag their adversary by attaching undisclosed documents to the papers they submitted on their cross-motions for summary judgment.")

As in *Ebewo*, Mr. Pirri and his counsel argued based on what we believed to the strength of the case based exclusively on the information available.

11

This was not harmless error. The Lower Court cited this document

extensively in rendering sanctions for bad faith litigation.

**D.**     **Ms. Cheek Admitted that the Nadler Letter Was Defamatory**

Astoundingly, Appellant's Brief states that the subject heading "Ms. Cheek

Admitted Defaming Mr. Pirri to Congressman Nadler" is a knowingly false

representation. At. 25. This is not the case at all.

In New York, the elements of defamation are that the "defendant published a

false statement, without privilege or authorization, to a third party, constituting

fault as judged by, at a minimum, a negligence standard, and it must either cause

special harm or constitute defamation per se." *Matter of Konig v. CSC Holdings,

LLC*, 112 AD3d 934, 935 (2013) (quoting *Goldberg v. Levine*, 97 A.D.3d. 725, 725

(2012).

Ms. Cheek's admission that the Nadler Letter defamed Mr. Pirri is a

reasonable conclusion based on Ms. Cheek's own social media page. Below is a

screenshot of her social media page.



On April 28, 2019, @pacelattin posted two sentences. The first sentence states that Ms. Cheek sent a letter to Congressman Nadler "**about** the horrible abuse she's suffered from harassing lawsuits about her invention" (emphasis added). A reasonable person reading that statement would understand that the letter discusses the lawsuit since it says the letter was "about" the lawsuit.

In standard English, a follow-on sentence would be understood to elaborate on the first sentence. Here, the second sentence discusses Mr. Pirri (i.e., the

plaintiff in the lawsuit) as "claiming he though (sic) of her idea while in a mental facility."

The statement is false as it asserts that Mr. Pirri thought of the idea while in mental facility. A reasonable person reading this tweet would understand that this tweet summarizes a publication from Ms. Cheek to Congressman Nadler, i.e., the Nadler Letter. Likewise, nefarious intent is attributable to Ms. Cheek because she had access to Mr. Pirri's complaint and nowhere does that document state that Mr. Pirri came up with the idea while in a mental facility. Accordingly, it is defamatory and the sole remaining issue is damages.

Clearly shown, "Lori Cheek Retweeted" this statement. Thereby, she affirmed and endorsed that the contents of the tweet are true, and effectively admitted that she defamed Mr. Pirri in the Nadler Letter.

Every statement that Mr. Pirri or his counsel made about the Nadler Letter at any point in time from March 2019 to January 2020, including the Opposition Brief, was based exclusively on public statements made by Ms. Cheek or endorsed by her. They were reasonable in light of her public statements, including her retweets, until the document was obtained during discovery.

**E.    Mr. Pirri Never Waived This Argument**

Appellee's Brief argues that Mr. Pirri should have filed a motion to compel

production of the Nader Letter in the Lower Court. At 26. Otherwise, it is not

properly before this Court and Mr. Pirri waived this argument. Id.

This distorts the law.

"Once a federal claim is properly presented, a party can make any argument

in support of that claim; parties are not limited to the precise arguments they made

below." *Yee v. City of Escondido, Cal*., 503 U.S. 519, 534 (1992). The Second

Circuit "permits appellate courts to 'entertain additional support that a party

provides for a proposition presented below.'" *In re Petrobras Secs. Litig*., 784 Fed.

Appx. 10, *15 (2d Cir. 2019) (citing *Eastman Kodak Co. v. STWB, Inc*., 452 F.3d

215, 221 (2d Cir. 2006). Further, the Second Circuit requires an ample opportunity

to make the argument in the trial court before waiver can be applied. "The law in

this Circuit is clear that where a party has shifted his position on appeal and

advances arguments available but not pressed below, and where that party has had

ample opportunity to make the point in the trial court in a timely manner, waiver

will bar raising the issues on appeal." *In re Petrobras Secs. Litig*., 784 Fed. Appx.

At *15 (quoting, *United States v. Braunig*, 553 F.2d 777, 780 (2d. Cir. 1997).

15

Mr. Pirri **did raise** the withheld production of the Nadler Letter with the

Lower Court. An entire section of the Opposition Brief was directed to this precise

issue. See, "II. This Court Should Deny Defendants' Motion Because It Would Be

Unfair and Prejudicial to Plaintiff Pirri Without Additional Discovery".

[APPX233].

In particular, this section discussed Mr. Pirri's attempts to obtain the Nadler

Letter and Ms. Cheek's efforts to withhold it. The Opposition Brief [at APPX234]

states:

> Plaintiff Pirri sought relevant documents pertaining to Defendant
> Cheek revenge campaign in a document request served on
> Defendants. This request occurred prior to this Court's denial of the
> proposed amended complaint and Defendants answered after the
> Court's decision. A copy of Defendants' response is included as
> Fairchild Decl., Ex B.
>
> Defendants' Counsel objected to providing the details about her
> revenge campaign. Counselor Goodwin stated, "Defendants object to
> this request as irrelevant to plaintiff's claim, unduly burdensome, and
> not proportional to the needs of the case." Id. at 7-8.

The referenced "Fairchild Decl., Ex B" is an exhibit that was attached to the

Opposition Brief. It corresponds to Defendants' Responses to Mr. Pirri's document

requests, which now appears as APPX152-156 in the Joint Appendix. Document

Request No. 5 specifically requested "All correspondence, including … letters ….

Defendant Cheek … and … (f) Congressman Jerry Nadler." APPX137-138.

Parties cannot shift their positions on appeal. *In re Petrobras Secs. Litig.*, 784 Fed. Appx. at *15. Mr. Pirri does not do this, but rather elaborates on a position consistently maintained before the Lower Court and this Court. Mr. Pirri is "not limited to the precise arguments [that he] made below". *Yee v. City of Escondido, Cal.*, 503 U.S. at 534. Instead, by specifically addressing the Nadler Letter before this Court, he merely "entertain[s]s additional support [] for a proposition presented below.'" *In re Petrobras Secs. Litig.*, 784 Fed. Appx. at *15.

The lack of discovery was thoroughly discussed before the Lower Court in the Opposition Brief, including that Ms. Cheek withheld the entire discovery for the defamation claim. Further, the specific withholding of all communications with Congressman Nadler was brought to the Lower Court's attention in the Opposition Brief by reference to an attached exhibit. Accordingly, Mr. Pirri has not waived this argument.

Similarly, Mr. Pirri could not have argued that the imposition of sanctions on his counsel based on an un-produced document violated Second Circuit law. The imposition of sanctions first occurred with the Lower Court's order on May 17, 2020. There was no notice that it would happen, nor any opportunity to explain the discussion of the Nadler Letter.

"[A] sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter." *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 97 (2d Cir. 1997) (construing the different requirements under Rule 11 and 28 U.S.C. § 1927) (emphasis added). The purpose of particularized notice is to put counsel on notice as to the particular factors that he must address if he is avoid sanctions. *Id.* At 96.

Here, the Lower Court never provided any notice that it would sanction Mr. Pirri's attorney for arguing that Ms. Cheeks' behavior had crossed the line. It did so without giving any opportunity to be heard on this matter. Even more astounding, the Lower Court justified the sanctions by citing a document which Mr. Pirri requested during discovery and Ms. Cheek withheld.

Objecting to this was not available to Mr. Pirri until it occurred on May 17, 2020. Accordingly, he could not have waived this argument before the Lower Court.

## VI.  **CONCLUSION AND RELIEF SOUGHT**

For the foregoing reasons, the Lower Court erred in its discretion and this

Court should vacate its decision.

Respectfully submitted,

Dated:      February 1, 2021 (refiling)
            Brooklyn, New York

Steven R. Fairchild

*Attorney for Plaintiff-Appellant*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2020–1959

**Short Case Caption:** Pirri v. Cheek

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[X] the filing has been prepared using a proportionally-spaced typeface and includes ___3758___ words.

[ ] the filing has been prepared using a monospaced typeface and includes _____ lines of text.

[ ] the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: __Feb. 1, 2021__

Signature: _____

Name: __Steven R. Fairchild__